STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA BENNETT (NYBN 5132063)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.bennett@usdoj.gov

Attorneys for United States of America

**FILED**

Sep 14 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**4:21-cr-00351-JSW-1**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4-21-mj-71379 MAG |
| Plaintiff, | |
| v. | **ORDER SEALING UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRETRIAL DETENTION, DECLARATION AND EXHIBITS, AND SEALING APPLICATION** |
| HEATHER GHARIBIAN, | |
| Defendant. | |

    For the reasons set forth in the Government's motion to seal, the motion to seal is hereby GRANTED.

    While there is a "strong presumption in favor of access to court records," this presumption can be overcome with "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir.), cert. denied sub nom. What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Id*. at 1097. The applicable standard here

SEALING ORDER 4-21-
MJ-71379 MAG
1

is "sufficiently compelling reason" not "good cause."

The Government has presented sufficiently compelling reasons to seal the portions of documents identified in the table below, and the proposed under seal filings are narrowly tailored.  18 U.S.C. § 3509(d)(2) requires that information concerning child victims be kept confidential and filed under seal, and under 18 U.S.C. § 3771(a)(9), the victims have a right to be treated "with respect for their dignity and privacy." The information in the portions of the government's motion described in the table below, and in the four exhibits, tends to identify child victims in this case, and disclosure would violate the victims' rights to be treated "with respect for their dignity and privacy."  The proposed under seal filing of the documents will sufficiently protect the privacy interests of the child victims, which is required by law.

| Document | Proposed Redactions |
| --- | --- |
| Government's Motion for Detention | Page 1, portions of lines 2, 4-8, 11-12<br>Page 3, portions of lines 4-5, 16-17, 24-27<br>Page 4, portions of lines 1-8<br>Page 5, portions of lines 9, 13-4, 16, 23-24<br>Page 6, portions of lines 22-23, 25-27<br>Page 7, portions of lines 1-3 |
| Bennett Declaration in Support of Government's Motion for Detention | No redactions requested |
| Exhibit 1 | Entirety of Exhibit 1 |
| Exhibit 2 | Entirety of Exhibit 2 |
| Exhibit 3 | Entirety of Exhibit 3 |
| Exhibit 4 | Entirety of Exhibit 4 |

ACCORDINGLY, IT IS HEREBY ORDERED that the unredacted versions of the Government's motion for detention, the declaration in support and the attached exhibits be sealed until further order of the Court.  Redacted versions of the Government's motion for detention and exhibits to the declaration in support of the motion, with narrowly tailored redactions according to the table above, shall be filed on the public docket.

**IT IS SO ORDERED**.

DATED:  September 14, 2021

_____
HONORABLE NATHANAEL M. COUSINS
UNITED STATES MAGISTRATE JUDGE

GRANTED
Judge Nathanael M. Cousins