1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4  SAMANTHA BENNETT (NYBN 5132063)
   Assistant United States Attorney
5
6      1301 Clay Street, Suite 340S
       Oakland, California 94612
7      Telephone: (510) 637-3680
       FAX: (510) 637-3724
8      samantha.bennett@usdoj.gov

9  Attorneys for United States of America

10                         UNITED STATES DISTRICT COURT
11                        NORTHERN DISTRICT OF CALIFORNIA
12                                  OAKLAND DIVISION

13  UNITED STATES OF AMERICA,           )   Case No. CR 21-0351-1 JSW
                                        )
14         Plaintiff,                   )   STIPULATION AND [PROPOSED]
                                        )   PROTECTIVE ORDER
15     v.                               )
                                        )
16  HEATHER HALWIG GHARIBIAN,           )
                                        )
17         Defendant.                   )
                                        )
18

19
20         Plaintiff United States of America, by and through STEPHANIE M. HINDS, Acting United
21  States Attorney for the Northern District of California, and Samantha Bennett, Assistant United States
22  Attorney for the Northern District of California, and the defendant, Heather Halwig Gharibian, through
23  her undersigned counsel, hereby stipulate and agree as follows:
24         a)      This is a case in which the defendant is charged with crimes involving victims and/or
25  witnesses who are minors (the Child Victims). As such, the Child Victims are entitled to certain
26  statutory protections, including: (1) Title 18, United States Code, section 3509, which affords certain
27  confidentiality protections to the Child Victims, including the requirement that the Child Victims' names
28  not be included in any public filings and that the parties keep the names of child victims in a secure

STIPULATED PROTECTIVE ORDER
CR 21-0351-1 JSW

place to which no person who does not have reason to know their contents has access; (2) Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy; and (3) Title 18, United States Code, section 3509(m), which provides that a court shall deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.

        b)      Some of the discovery materials the government intends to produce in this case may include materials falling into one or more of the following categories which, because of the way they are stored, cannot practicably be redacted (collectively, "Protected Information"):

1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. The names and other personal information of Child Victims, as well as non-pornographic images ("Child Information");

3. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

4. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information");

        c)      The government seized or otherwise obtained certain electronic devices from the defendant ("Defendant's Electronic Devices") and records from the defendant's online accounts ("Defendant's Accounts") that may contain private and confidential information relating to Child Victims and other individuals, including potentially personally identifiable information such as account names and numbers, social security numbers, and dates of birth.  Due to the nature in which the information is stored, it is possible that some information cannot practicably be redacted.

        THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order

restricting the disclosure of the Protected Information described above as follows:

1. All Protected Information produced by the government in this matter that is not maintained on Defendant's Electronic Devices or in Defendant's Online Accounts, even if redacted, shall be stamped on its face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER." All information stored on Defendant's Electronic Devices and in Defendant's Online Accounts will also be deemed Protected Information and subject to the terms of this Protective Order.

2. The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense and for no other purpose:

    a) Counsel for defendant who have made an appearance in this matter; and

    b) Persons employed by defense counsel to assist with the preparation of the defense, including legal assistants, experts, and investigators.

3. The Defense Team may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Child Information, Financial Information, and/or Medical Information has first been <u>entirely redacted</u> from the discovery materials. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4. The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

5. The Defense Team shall refer to any Child Victim only by "Minor Victim #X" or "John Doe #X" in all pleadings and at any court hearings.

6. If the Defense Team files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal. The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed but that any sealing

STIPULATED PROTECTIVE ORDER
CR 21-0351-1 JSW

order is limited to those portions of the pleading for which there is a valid basis to seal.

7. All review and examination of Defendant's Electronic Devices and Defendant's Online Accounts, as well as any child sexual abuse material recovered during this investigation, will be conducted at the U.S. Attorney's Office, located at 1301 Clay Street, Oakland, CA 94612. At the request of the Defense Team, the examination may be conducted outside the presence of an agent or other government representative.

8. The Defense Team shall not make, nor permit to be made, any copies of the alleged child sexual abuse material contained in the Defendant's Electronic Devices and/or Online Accounts and shall not remove from the government facility any child sexual abuse material or child erotica. The Defense Team will be provided with a copy of electronic information that is not contraband, and/or a report without contraband images or videos documenting the examination of an electronic device and/or the Online Accounts.

9. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, and after the deadline for any 28 U.S.C. § 2255 motion has expired, upon request by government counsel, the Defense Team shall destroy all documents and electronic media subject to this Protective Order, delete any electronic copies of such documents or electronic media, or return such documents or electronic media to the government. Should the Defense Team seek to retain copies of any documents or electronic media that would otherwise be subject to this Protective Order, the Defense Team may seek from government counsel copies of such documents or electronic media with all Protected Information appropriately redacted, or may seek any other appropriate relief from the Court.

10. This Protective Order applies to all attorneys associated with the above case who have knowledge of this Protective Order, regardless of the nature of their involvement in the case. This Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the documents disclosed to the Defense Team under this Protective Order.

11. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after

1  counsel for the United States and the defendant have first conferred and attempted to resolve the dispute.
2  Defense counsel shall first raise any disputed designation with the government in writing.  If the
3  government does not then agree to change the designation, the defense may raise the issue with the
4  Court.

5      12.   This stipulation is without prejudice to any party applying to the Court to modify the
6  terms of this Protective Order.  This Court shall retain jurisdiction to modify this Protective Order upon
7  motion of any party even after the conclusion of district court proceedings in this case.

9  IT IS SO STIPULATED.                            STEPHANIE M. HINDS
                                                   Acting United States Attorney

12  Dated: September 15, 2021                       _____/s/ Samantha Bennett_____
                                                    SAMANTHA BENNETT
13                                                  Assistant United States Attorney

15                                                  _____/s/ Julia Jayne_____
                                                    JULIA JAYNE
16                                                  Counsel for Defendant Heather Halwig
17                                                  Gharibian

19  IT IS SO ORDERED.

21  Dated:                                          _____
                                                    HON. JEFFREY S. WHITE
22                                                  United States District Judge