STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SAMANTHA BENNETT (NYBN 5132063)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.bennett@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: CR 21-00351-01 JSW |
| Plaintiff, | ) DECLARATION OF SENIOR INSPECTOR DARRYL HOLCOMBE IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| v. | ) |
| HEATHER ELECTA HALWIG GHARIBIAN, | ) |
| Defendant. | ) |

I, Darryl Holcombe, hereby affirm and state as follows:

1.     I am a Senior Inspector with the Contra Costa County District Attorney's Office, assigned to the Sexual Assault Unit. I have been assigned to the Sexual Assault Unit since approximately 2015. I also serve as a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations. I have been employed with the Contra Costa County District Attorney's Office since November 2011. Prior to that, I was a police officer with the City of Concord for eleven (11) years. I attended a basic police academy in 1999 at the Los Medanos Police Academy.

2.     I am also currently assigned to the Internet Crimes against Children Task Force. I monitor peer-to-peer and file sharing programs and investigate individuals downloading and sharing child pornography and committing other sexual crimes against children. I have participated in over 100 such investigations. Through my work in these investigations, as well as my discussions with other experienced agents, I have experience in estimating the approximate ages of individuals (including those under the age of 18) depicted in photographs and videos. I have received advanced training in computer crimes and peer-to-peer file sharing programs. I have also received training in child pornography and child exploitation offenses, and through both this training and my prior work, have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). As a Senior Inspector with the District Attorney's Office, I have also participated in criminal investigations relating to identity theft, counterfeit identification, counterfeit currency, counterfeit checks, bank fraud, wire fraud, access device fraud, and electronic crimes involving computers.

3.     As a state law enforcement agent, I am authorized to investigate violations of state law and to execute warrants issued under the authority of the State of California. I am also a cross designated federal customs officers with Homeland Security Investigations. I am authorized to make probable cause arrests without a warrant for violations of United States law. I am authorized to serve search and arrest warrants issued under the authority of the United States.

4.     I have attended advanced digital forensics courses including two advanced cell phone forensic courses. I currently run the digital forensics program for the Contra Costa County District Attorney's Office.

5.     I have participated in the investigation of the defendant Heather Electa Halwig Gharibian ("defendant") since approximately August 24, 2021, when I was first contacted by Detective Ruth Talley of the Brentwood Police Department.

6.     This Declaration is being submitted in support of the United States' opposition to the defendant's motion to suppress evidence. This Declaration contains only some of the facts regarding my investigation of the defendant. It does not contain every fact known to me regarding the investigation, and it includes only information relevant to the defendant's motion. Where the contents of reports or communications are summarized herein, they are described in sum and substance and are not reported verbatim.

7.     In August 2021, the Contra Costa County District Attorney's Office utilized digital forensics technology called "Graykey," which is manufactured by a company called "GrayShift." Graykey allows law enforcement to extract data stored within Apple iPhones and iPads.

8.     On or about August 25, 2021, using Graykey, I examined an iPhone 8 Plus, which I understand had been seized from the defendant by Detective Ruth Talley. The iOS operating system on the defendant's iPhone 8 Plus was iOS version 14.4, which was released by Apple to iPhone users on or about January 26, 2021.

9.     I spoke with Detective Talley after she seized the defendant's iPhone 8 Plus and she told me the passcode for the phone. Detective Talley told me the phone had not been powered off since she seized it.

10.     I provided the extracted data to Detective Talley. I also drafted a federal search warrant to search the phone, which did not rely on any evidence extracted from the phone. I submitted this warrant for judicial review on or about August 25, 2021, and the Honorable Virginia K. DeMarchi issued the warrant on August 26, 2021, in the morning.

11.     From my review of the defendant's iPhone 8 Plus, I know that when Detective Talley seized the defendant's phone, the phone was in "After First Unlock" ("AFU") mode, the condition in which the device has been unlocked with a passcode at least once after being powered on or rebooted.

12.     From my training and experience, I know that as of August 2021, Graykey could access substantial amounts of data from an Apple iPhone 8 Plus running iOS 14.4, even without the passcode.

When the device is in AFU mode, Graykey can access most of the data on the device, including the camera roll and data from third party applications including the WhatsApp and private photo vault applications which were in use on the defendant's iPhone 8 Plus. This data would be able to be extracted from the device in a decrypted, readable format.

13. I have personally performed at least 100 data extractions from iPhones and iPads using the Graykey technology, both with and without the devices' passcodes.

14. Based on my training and experience, I believe that if Detective Talley did not have the passcode for the defendant's iPhone 8 Plus, a law enforcement agent would have been able to extract data from the phone, including data from the WhatsApp and private photo vault applications, and the phone's camera roll.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

DATED: __02/24/2022__

Respectfully submitted,

/s/ Darryl Holcombe

Darryl Holcombe
Senior Inspector
Contra Costa District Attorney's Office