UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER ELECTA HALWIG GHARIBIAN,<br><br>Defendant. | Case No. 21-cr-00351-JSW-1<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF SUPPRESSION ORDER**<br><br>Re: Dkt. No. 74 |

Before the Court is Defendant's motion for leave to file a motion for reconsideration under Local Rule 7-9 and Federal Rule of Civil Procedure 60(b). Dkt. No. 74. Defendant asks the Court to reconsider its May 9, 2022 order denying Defendant's motion to suppress. Dkt. No. 64.

Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). Under Federal Rule of Civil Procedure 60(b), "upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment."

Defendant argues that the Court's order relies on the mistaken interpretation of "on" as

1 meaning "unlocked" to conclude that (1) because Defendant did not dispute whether the phone
2 was "on" when it was handed to Detective Talley, an evidentiary hearing was not necessary to
3 determine whether the phone was also unlocked; and (2) the phone was already in After First
4 Unlock ("AFU") mode when it was handed to Detective Talley.  Dkt. No. 74-1.  But Defendant
5 misstates the Court's reasoning.  The Court did not conclude that an evidentiary hearing was not
6 necessary because Defendant did not dispute whether the phone was "on."  Rather, the Court
7 concluded that an evidentiary hearing was not necessary based on the submitted police report and
8 Detective Talley's declaration.  Dkt. No. 64 at 3 (citing Dkt. No. 55-3 (police report) at 5 ("I
9 observed [Defendant] reach into a black purse and retrieve a black phone which appeared to be an
10 iPhone.  [Defendant] entered an access code which opened the lock screen of the device.
11 [Defendant] started to manipulate the device so I told her to give me the phone and she complied")
12 and Dkt. No. 49-4 (Talley Decl.) ¶ 22 ("I watched the defendant remove a cell phone from a purse
13 at the desk where she had been sitting when we first arrived.  The defendant then immediately
14 manipulated the phone in front of me, entering the passcode and appearing to open the phone.
15 From where I was standing, I could see that the phone went from the lock screen to the home
16 screen, indicating that it had been unlocked")).  And because Defendant unlocked the phone, as
17 noted by Detective Talley, the Court concluded that Defendant's phone was already in AFU mode
18 when it was handed to Detective Talley.  The fact that Detective Talley subsequently entered
19 Defendant's passcode to unlock the phone does not contradict Detective Talley's testimony that
20 the phone was unlocked when Defendant handed her the phone.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

2

1   Defendant premises her request for leave to file a motion to reconsider on Local Rule 7-
2   9(b).  However, the Court considered all of the materials submitted by Defendant and all of her
3   legal arguments, and it found them unpersuasive.  To the extent Defendant relies on Rule 60(b),
4   the Court has considered Defendant's arguments in favor of reconsideration, finds them
5   unpersuasive, and finds no reason to amend or reconsider its order.

6   Accordingly, Defendant's motion for leave to file a motion for reconsideration is
7   DENIED.

8   **IT IS SO ORDERED.**

9   Dated: May 31, 2022

_____
JEFFREY S. WHITE
United States District Judge