UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HEATHER GHARIBIAN,

Defendant.

Case No. 21-cr-00351-JSW-1

**ORDER DENYING DEFENDANT'S REQUEST TO RESTORE FUNDS TO PRISON TRUST ACCOUNT**

Re: Dkt. No. 249

This matter comes before the Court upon consideration of Defendant's request that the Court order the return of $155 to her prison trust account, which she contends was improperly garnished to pay her restitution.  The Court has considered Defendant's request, the Government's responses, and the record in this case.[1]

Under the Mandatory Victims Restitution Act, "[i]f a person obligated to provide restitution, …, receives substantial resources from *any* source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution … still owed."  18 U.S.C. § 3664(n) (emphasis added).

Defendant received the $155 at issue from the Bureau of Prisons ("BOP") as compensation for property she claims she lost during a transfer from FCI Dublin to FCI Hazelton in April 2024.  (Dkt. No. 249 at ECF p. 3.)  The Government has confirmed that a restitution payment in the amount of $133.36 was drawn from those funds pursuant to the Treasury Offset Program.  (*See* Declaration of Benjamin J. Wolinsky, ¶ 1, Ex. A; Dkt. No. 256.)

The Court concludes the payment from the BOP falls within the plain language of Section

---

[1]    The Court granted Defendant an extension of time to file a reply.  (Dkt. No. 106.) Defendant has not filed a reply.

3664(n).  *See also United States v. Meyers,* 170 F.4th 1180, 1185-90 (9th Cir. 2026).  The issue is whether the $155 qualifies as a "substantial resource."  Section 3664 does not define the term substantial.  Therefore, the Court begins with the ordinary meaning of the term, which implies the financial resources are "[c]onsiderable in amount or value."  *See, e.g., United States v. Poff,* 727 Fed. Appx. 249, 251 (9th Cir. 2018) (quoting *Substantial*, Black's Law Dictionary 1656 (10th ed. 2014)), *vacated on other grounds by Poff v. United States*, 586 U.S. 1083 (2019).

The Government suggests that the $155 may be deemed "substantial" when compared to the amount of Defendant's quarterly restitution payments.  Defendant has provided no information about the state of her Prison Trust Account.  Because Defendant is the moving party, the Court concludes she has failed to show the $155 is not a substantial resource.  *See, e.g., Poff,* 727 Fed. Appx. at 251 ("This suggests that resources are considerable in amount or value if they positively exceed the sums needed by a criminal defendant to satisfy financial obligations established at the time of sentencing.") (cleaned up).

Accordingly, the Court DENIES Defendant's request.

**IT IS SO ORDERED**.

Dated: May 27, 2026

_____
JEFFREY S. WHITE
United States District Judge